PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 9/19/96**

TENTH CIRCUIT

---

ALJEWELL LAMBERT,

      Plaintiff-Appellant,

v.

No. 96-6024

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

      Defendant-Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CIV-94-807-L)

---

Submitted on the briefs:

Paul F. McTighe, Jr., and Gayle L. Troutman, Tulsa, Oklahoma, for Plaintiff-Appellant.

Stephen C. Lewis, United States Attorney, Joseph B. Liken, Acting Chief Counsel, Region IV, and Chris Carillo, Lead Attorney, Region VI, Office of the General Counsel, Social Security Administration, Dallas, Texas, for Defendant-Appellee.

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security.  P.L. No. 103-296.  In the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

Claimant Aljewell Lambert appeals from an order of the district court affirming the final decision of the Secretary of Health and Human Services denying her application for social security disability benefits.[1]  Claimant contends she became disabled prior to expiration of her insured status on September 30, 1984, due to phlebitis, obesity and venous insufficiency.  In a decision that now stands as the final decision of the Secretary, the administrative law judge (ALJ) denied benefits at step five of the five-part sequential process for determining disability.  See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).  We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.  We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied.  Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

The ALJ determined that at the time claimant's insured status expired, she had the capacity to perform sedentary work, but could not perform her past work, which was performed at a level beyond sedentary. Finding that she was a younger individual, that she had limited education, and that the transferability of skills was immaterial, the ALJ relied on the grids, the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.19, in concluding claimant was not disabled.

On appeal, claimant contends that because she was in the "borderline category" between "younger individual" and "closely approaching advanced age," the ALJ erred by mechanically relying on the grids' age classification rather than considering whether her ability to adapt to new work situations was less than the level established under the grids for persons her age. At the time her insured status expired, claimant was 49 years, 5 months old. "Closely approaching advanced age" begins at age 50.

The regulations provide that the Secretary will not apply the age categories mechanically in a "borderline situation." 20 C.F.R. § 404.1563(a). The Secretary considers a borderline situation to exist "when there would be a shift in results caused by the passage of a few days or months." Social Security Ruling 82-46c, 1982 WL 31427, at *6 (quotation omitted); see also Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1051 (10th Cir. 1993)(Social Security

Rulings entitled to deference). When her insured status expired, claimant was seven months short of the next category. We conclude that she did not fall within a borderline situation preventing application of the grids. See Russell v. Bowen, 856 F.2d 81, 84 (9th Cir. 1988)(holding that claimant seven months younger than next age category did not fall into borderline situation).

Claimant also urges us to apply the Eleventh Circuit rule prohibiting strict reliance on the grids' age factor when the claimant proffers substantial credible evidence that "'the claimant's ability to adapt to a new work environment is less than the level established under the grids for persons his age.'" Patterson v. Bowen, 799 F.2d 1455, 1458 (11th Cir. 1986)(quoting Reeves v. Heckler, 734 F.2d 519, 526 (11th Cir. 1984)). Though we have serious doubts about the correctness of that rule, even if we were to apply it in this case, it would not avail claimant. She contends that her ability to perform no more than sedentary work and her limited education demonstrate her limited ability to adapt. Patterson held that these factors do not relate to a claimant's ability to adapt. Id. at 1459. She also contends her medical problems limit her ability to adapt because they would require her to elevate her legs and to miss work occasionally. She did not present this argument to the district court, and we will not consider it on appeal. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

AFFIRMED.