**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALBERT L. COX,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,   *

      Defendant-Appellee.

No. 98-7039
(D.C. No. 96-CV-636-B)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** **

---

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*      Pursuant to Fed. R. App. P. 43(c)(2), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

\*\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Albert L. Cox appeals from the denial of social security disability and supplemental security income (SSI) benefits.  He argues that:  (1) the administrative law judge (ALJ) erroneously relied conclusively on the medical-vocational guidelines (the "grids"), 20 C.F.R. pt. 404, subpt. P, app. 2, despite finding that he cannot stand or walk for long periods at a time; (2) the testimony of the vocational expert (VE) cannot provide substantial evidence to support the ALJ's decision because the hypothetical did not include all of his impairments; (3) the ALJ erroneously found that he had no significant manipulative impairment; and (4) this is a borderline age case, and he should be treated as of advanced age instead of closely approaching advanced age under the grids.  We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

<u>Disability Claim</u>

Plaintiff was born on April 21, 1941.  He completed eleven years of school.  Plaintiff's past relevant work includes twenty-eight or twenty-nine years operating a jar-making machine at a glass company and about a year as a rotary drill helper for his brother-in-law.  He filed his claim for social security disability and SSI benefits on March 11, 1994, alleging that he became disabled on May 5, 1991, due to back and knee pain, numbness in his legs and arms, breathing

problems, depression, hypertension, headaches, and loss of grip strength. He was last insured for social security disability benefits on December 31, 1996, and must prove he became disabled before that date to secure those benefits. For SSI benefits, he must prove only that he has become disabled. Plaintiff was represented by counsel at the hearing before the ALJ, and has been represented by different counsel since he filed this suit.

## Discussion

The ALJ denied plaintiff's claim at step five of the evaluation sequence. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). He decided at step four that plaintiff cannot return to his past heavy to very heavy work. At step five, he found that plaintiff retains the residual functional capacity (RFC) to perform light work, but inconsistently stated both that plaintiff has no significant nonexertional impairments and that he is restricted by requirements to avoid respiratory irritants and to alternate sitting and standing or walking. He obtained and mentioned vocational testimony, but ultimately relied conclusively on the grids. Because the ALJ found that plaintiff had a limited or less education, no transferable skills, and was of closely approaching advanced age (plaintiff being fifty-four and a half years old at the time of the ALJ's decision), he applied Rule 202.11, 20 C.F.R. pt. 404, subpt. P, app. 2, to decide that plaintiff is not disabled. The Appeals Council denied review, making the ALJ's decision the

final agency decision. Plaintiff then brought this suit. The district court adopted the magistrate judge's recommendation that the agency's decision be affirmed.

We review the agency's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995). We are persuaded by plaintiff's claims of error.

At step five, "the burden shifts to the [agency] to show that the claimant retains the residual functional capacity (RFC) to do other work that exists in the national economy." Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citing Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991) and 42 U.S.C. § 423(d)(2)(A)). "[A]n ALJ may not rely conclusively on the grids unless he finds (1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level." Id. at 1488. In this case, the ALJ's specific findings that plaintiff must avoid respiratory irritants and cannot stand or walk for long periods precluded his conclusive reliance on the grids. See Appellant's App., Vol. II at 28 (findings 5 & 8); see

-4-

also S.S.R. 83-14, 1983 WL 31254, at *1-*2 (discussing environmental restriction as nonexertional impairment precluding reliance on grids); S.S.R. 83-12, 1983 WL 31253, at *4 (discussing necessity of obtaining vocational testimony when claimant must alternate sitting and standing or walking).

We also agree that the VE's testimony cannot provide substantial evidence to support the ALJ's decision. A hypothetical posed to a VE must relate the claimant's impairments "with precision." Hargis, 945 F.2d at 1492 (quotation omitted). The question the ALJ asked was faulty because it did not include plaintiff's need to avoid respiratory irritants, which the ALJ specifically found to be true. See Appellant's App., Vol. II at 28 (finding 8), 70. The agency has provided no authority to support its argument that this court should take notice that an environmental restriction to avoid respiratory irritants does not significantly erode plaintiff's occupational base. We therefore decline to reach such a conclusion. Further, the hypothetical posed by plaintiff's counsel that included "temperature extremes, like dust and fumes," id. at 74, is both internally inconsistent and includes a restriction the ALJ did not find to be true–that plaintiff should avoid temperature extremes. Therefore, the VE's response to this question does not constitute substantial evidence.

The ALJ made no specific finding at step five as to whether plaintiff has a significant manipulative impairment. This was error. Because the ALJ found

that plaintiff can do light work, and light work includes jobs requiring "pushing and pulling of arm or leg controls," 20 C.F.R. § 416.967(b), a manipulative impairment would matter greatly. Essentially uncontroverted medical evidence shows that plaintiff has complained of pain, numbness, tingling, and weakness in his arms, hands, and fingers, see Appellant's App., Vol. II at 168, 170-71, 186, 204, 212; has been diagnosed with bilateral carpal tunnel syndrome (thought to be permanent), see id. at 186, 198, 204, 208, 211, 213, 236-37, 261, bilateral, chronic tenosynovitis (an irritation of the tendon sheath), see id. at 204, 208, 211, 213, bilateral epicondylitis (tennis elbow), see id. at 213, and arthritic changes in his fingers, see id. at 198; has had the tips of the middle and ring fingers of his dominant right hand amputated in an accident at work, and they remained hypersensitive to touch even after treatment, see id. at 197-99; had a crushing injury to his left hand in another work-related accident, see id. at 159; and has reduced grip strength, see id. at 202, 204-05. Plaintiff told one of his doctors that his hand and arm problems resulted from the frequent repetitive motions required by his lengthy employment with the glass company. See id. at 204.

On remand, the ALJ must make a specific finding as to whether plaintiff has a significant manipulative impairment, as claimed. Moreover, the ALJ has a duty to fully develop the record even when the claimant is represented by an attorney, as in this case. See Thompson, 987 F.2d at 1492. For this reason, it is

-6-

his obligation to exercise his considerable discretion to obtain additional medical evidence if he believes it is necessary to evaluate plaintiff's claimed disability. See Hawkins v. Chater, 113 F.3d 1162, 1166-67 & n.5 (10th Cir. 1997).

We note also for the remand that the ALJ's decision is internally inconsistent in various respects and inaccurate with respect to plaintiff's testimony. Without attempting to list all of the discrepancies, we observe that finding 5 contradicts itself as to the amount of weight plaintiff can lift and carry, see Appellant's App., Vol. II at 28, and finding 8 contradicts the body of the decision as to plaintiff's environmental restrictions, see id. Plaintiff did not testify that lying on his stomach causes him pain and that he lies on his stomach for hours each day watching television, see id. at 25; he testified that he lies on his stomach because lying on his back causes him pain, see id. at 57. Plaintiff did not contradict the medical evidence by stating that he had a stroke and was diagnosed with arthritis. See id. at 25. One of his doctors noted that the impairment to his face could indicate a stroke rather than Bells Palsy, see id. at 234-35, and plaintiff himself clarified that he was ultimately diagnosed with Bells Palsy, see id. at 66. There are references to arthritis and degenerative changes in plaintiff's medical records. See id. at 213, 217, 236-37, 264. Contrary to the ALJ's opinion, we have found no instance where plaintiff testified that he

-7-

goes blind when he reads. See id. at 25. He did say that his eyes are bad, his glasses do not help him, and that sunlight hurts his eyes. See id. at 49, 61.

Finally, because plaintiff was within six months of the next age category, that is, advanced age, at the time the ALJ issued his decision, he erred by not addressing whether plaintiff was of borderline age before choosing a rule from the grids. See 20 C.F.R. §§ 404.1563(a), 416.963(a) (both stating: "[W]e will not apply these age categories [in the grids] mechanically in a borderline situation.") Subsequent events obviate the need for the ALJ to address this precise issue on remand, however. Plaintiff attained the age of fifty-five shortly after the ALJ's decision and before his insured status expired. He therefore became of advanced age. Using the ALJ's findings of limited or less education and no transferable skills, plaintiff must now be deemed disabled as of April 21, 1996, under Rule 202.02 of the grids, 20 C.F.R. pt. 404, subpt. P, app. 2; see also Daniels v. Apfel, 154 F.3d 1129, 1131-32 & n.4 (10th Cir. 1998) (holding when claim remains pending after claimant's insured status has expired, claimant's age for purposes of grids is determined at the time his insured status expired). Plaintiff is entitled to an award of benefits at least from his fifty-fifth birthday. On remand, the ALJ should determine whether plaintiff became disabled before that date.

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case is REMANDED with directions for the district court to REMAND to the agency for additional proceedings consistent with this order and judgment.

Entered for the Court


Michael R. Murphy
Circuit Judge