Donald R. FOSHA, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.

No. CIV.A. H04240.

United States District Court,
S.D. Texas,
Houston Division.

March 18, 2005.

William Fred Krause, Krause Earwood and Ward, Dallas, TX, for Donald R. Fosha, Plaintiff.

Marguerite Esposito Lokey, Special Asst U.S. Attorney, Dallas, TX, for Jo Anne Barnhart Commissioner Social Security Administration, Defendant.

## MEMORANDUM AND ORDER

HOYT, District Judge.

On February 24, 2005, Magistrate Judge Calvin Botley issued a Memorandum and Recommendation [Doc. # 16] on Plaintiff Donald R. Fosha's ("Fosha") and Defendant Jo Anne B. Barnhart's, Commissioner of the Social Security Administration ("the Commissioner") cross-motions for summary judgment.

This Court has reviewed the Memorandum and Recommendation, noting that no objections have been filed, and the cross-motions for summary judgment filed by the parties. It is, therefore,

**ORDERED** that the Memorandum and Recommendation is **ADOPTED** as this Court's Memorandum and Order. It is further

**ORDERED** that Fosha's Motion for Summary Judgment [Doc. # 15] is **DENIED**. It is further

**ORDERED** that the Commissioner's Motion for Summary Judgment [Doc. # 13] is **GRANTED**. It is finally

**ORDERED** that this matter is **DISMISSED WITH PREJUDICE**.

## MEMORANDUM AND RECOMMENDATION

BOTLEY, United States Magistrate Judge.

Pending before the Court are Plaintiff Donald R. Fosha ("Fosha") and Defendant Jo Anne B. Barnhart's, Commissioner of the Social Security Administration ("Commissioner"), cross-motions for summary judgment. Fosha appeals the determination of an Administrative Law Judge ("the ALJ") that he is not entitled to receive Title XVI supplemental security income benefits. *See* 42 U.S.C. § 1382c(a)(3)(A). Having reviewed the pending motions, the submissions of the parties, the pleadings, the administrative record, and the applicable law, it is recommended that Fosha's Motion for Summary Judgment (Docket Entry No. 15) be denied, the Commissioner's Motion for Summary Judgment (Docket Entry No. 13) be granted, and the ALJ's decision denying benefits be affirmed.

## I. *Background*

On February 27, 2002, Fosha protectively filed an application for supplemental security income ("SSI") payments with the

Social Security Administration ("SSA"), claiming that he has been disabled and unable to work since September 1, 1993, due to asthma and anxiety.[1] (R. 17, 83–85). After being denied benefits initially and on the reconsideration levels, Fosha requested an administrative hearing before an ALJ. (R. 55–58).

A hearing was held on June 25, 2003, in Houston, Texas, at which time the ALJ heard testimony from Fosha and Kay Gilreath, a vocational expert ("VE"). (R. 16, 25–51). In a decision dated August 13, 2003, the ALJ denied Fosha's application for benefits. (R. 16–23). On September 24, 2003, Fosha appealed the ALJ's decision to the Appeals Council of the SSA's Office of Hearings and Appeals. (R. 9–12). The Appeals Council, on November 21, 2003, denied Fosha's request to review the ALJ's determination. (R. 6–8). The denial rendered the ALJ's opinion the final decision of the Commissioner. *See Sims v. Apfel,* 530 U.S. 103, 107, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000). Fosha filed the instant action on January 20, 2004, seeking judicial review of the Commissioner's denial of his claim for benefits. *See* Docket Entry No. 1.

## II. *Analysis*

### A. *Statutory Bases for Benefits*

SSI benefits are authorized by Title XVI of the Act and funded by general tax revenues. *See* SOCIAL SECURITY ADMINISTRATION, SOCIAL SECURITY HANDBOOK, § 2100 (14th ed.2001). The SSI Program is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line. *See* 20 C.F.R. § 416.110. Eligibility for SSI is based upon proof of indigence and disability. *See* 42 U.S.C. §§ 1382(a),

1382c(a)(3)(A)-(C). A claimant applying to the SSI program cannot receive payment for any period of disability predating the month in which he applies for benefits, no matter how long he has been actually disabled. *See Brown v. Apfel,* 192 F.3d 492, 495 n. 1 (5th Cir.1999); *see also* 20 C.F.R. § 416.335. The applicable regulation provides:

> When you file an application in the month that you meet all the other requirements for eligibility, the earliest month for which we can pay you benefits is the month following the month you filed the application. If you file an application after the month you first meet all the other requirements for eligibility, we cannot pay you for the month in which your application is filed or any months before that month.

20 C.F.R. § 416.334. Thus, the month following an application, here, March 2002, fixes the earliest date from which benefits can be paid. (R. 60). Eligibility for SSI payments, however, is not dependent on insured status. *See* 42 U.S.C. § 1382(a).

### B. *Standard of Review*

#### 1. *Summary Judgment*

The court may grant summary judgment under FED. R. CIV. P. 56(c) when the moving party is entitled to judgment as a matter of law because there is no genuine issue as to any material fact. The burden of proof, however, rests with the movant to show that there is no evidence to support the nonmoving party's case. If a reasonable jury could return a verdict for the nonmoving party, then a motion for summary judgment cannot be granted because there exists a genuine issue of fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

---

1. In his decision, the ALJ noted that Fosha had previously filed an application for disability benefits, which was denied on May 13, 1997. (R. 17).

An issue of fact is "material" only if its resolution could affect the outcome of the case. *See Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 189 (5th Cir.1991). When deciding whether to grant a motion for summary judgment, the court shall draw all justifiable inferences in favor of the nonmoving party, and deny the motion if there is some evidence to support the nonmoving party's position. *See McAllister v. Resolution Trust Corp.,* 201 F.3d 570, 574 (5th Cir.2000). If there are no issues of material fact, the court shall review any questions of law *de novo. See Merritt–Campbell, Inc. v. RxP Prods., Inc.,* 164 F.3d 957, 961 (5th Cir.1999). Once the movant properly supports the motion, the burden shifts to the nonmoving party, who must present specific and supported material facts, of significant probative value, to preclude summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *International Ass'n of Machinists & Aerospace Workers, AFL–CIO v. Compania Mexicana de Aviacion, S.A. de C.V.,* 199 F.3d 796, 798 (5th Cir.2000).

**2. *Administrative Determination***

Judicial review of the Commissioner's denial of disability benefits is limited to whether the final decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied to evaluate the evidence. *See Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir.2002). "Substantial evidence" means that the evidence must be enough to allow a reasonable mind to support the Commissioner's decision; it must be more than a mere scintilla and less than a preponderance. *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Masterson,* 309 F.3d at 272; *Brown,* 192 F.3d at 496.

When applying the substantial evidence standard on review, the court "scrutinize[s] the record to determine whether such evidence is present." *Myers v. Apfel,* 238 F.3d 617, 619 (5th Cir.2001) (citations omitted). If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *See Watson v. Barnhart,* 288 F.3d 212, 215 (5th Cir.2002). Alternatively, a finding of no substantial evidence is appropriate if no credible evidentiary choices or medical findings support the decision. *See Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir.2001). The court may not, however, reweigh the evidence, try the issues *de novo,* or substitute its judgment for that of the Commissioner. *See Masterson,* 309 F.3d at 272. In short, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.*

**C. *ALJ's Determination***

An ALJ must engage in a five-step inquiry to determine whether the claimant is capable of performing "substantial gainful activity," or is, in fact, disabled:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings. *See* 20 C.F.R. § 416.920(b).

2. An individual who does not have a "severe impairment" will not be found to be disabled. *See* 20 C.F.R. § 416.920(c).

3. An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors. *See* 20 C.F.R. § 416.920(d).

4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made. *See* 20 C.F.R. § 416.920(e).

5. If an individual's impairment precludes performance of his past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if any work can be performed. *See* 20 C.F.R. § 416.920(f).

*Newton v. Apfel,* 209 F.3d 448, 453 (5th Cir.2000); *accord Boyd,* 239 F.3d at 705. The claimant has the burden to prove disability under the first four steps. *See Myers,* 238 F.3d at 619. If the claimant successfully carries this burden, the burden shifts to the Commissioner in step five to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *See Masterson,* 309 F.3d at 272; *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir.1994), *cert. denied,* 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). If the Commissioner is able to verify that other work exists in significant numbers in the national economy that the claimant can perform in spite of his existing impairments, the burden shifts back to the claimant to prove that he cannot, in fact, perform the alternate work suggested. *See Boyd,* 239 F.3d at 705. A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis. *See id.*

The mere presence of an impairment does not necessarily establish a disability. *See Anthony v. Sullivan,* 954 F.2d 289, 293 (5th Cir.1992). An individual claiming disability benefits under the Act has the burden to prove that he suffers from a disability as defined by the Act. *See Newton,* 209 F.3d at 452; *Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir.1990); *Johnson v. Bowen,* 864 F.2d 340, 343 (5th Cir.1988); *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir.1985). A claimant is deemed disabled under the Act only if he demonstrates an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Shave v. Apfel,* 238 F.3d 592, 594 (5th Cir.2001); *accord Newton,* 209 F.3d at 452; *Crowley v. Apfel,* 197 F.3d 194, 197–98 (5th Cir.1999); *Selders,* 914 F.2d at 618; *see also* 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" is defined as work activity involving significant physical or mental abilities for pay or profit. *See Newton,* 209 F.3d at 452–53; *see also* 20 C.F.R. §§ 404.1572(a),(b), 416.972.

A medically determinable "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See Hames v. Heckler,* 707 F.2d 162, 165 (5th Cir.1983); *see also* 42 U.S.C. § 423(d)(3). "[A]n individual is 'under a disability, only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy .... ' " *Greenspan,* 38 F.3d at 236 (quoting 42 U.S.C. § 423(d)(2)(A)). This is true regardless of whether such work exists in the immediate area in which the claimant resides, whether a specific job vacancy exists, or whether the claimant would be hired if he applied. *See Oldham v. Schweiker,* 660 F.2d 1078, 1083 (5th Cir. 1981); *see also* 42 U.S.C. § 423(d)(2)(A).

In the case at bar, when addressing the first four steps, the ALJ determined:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has asthma, depression, anxiety, chest pain, hypertension, and leg pain impairments

considered "severe" based on the requirements in the Regulations 20 C.F.R. § 416.920(b).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The undersigned finds the claimants allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

5. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. § 416.927).

\* \* \* \* \* \*

7. The claimant is unable to perform any of his past relevant work (20 C.F.R. § 416.965).

(R. 22). As to the fifth step, the ALJ concluded:

6. The claimant has the residual functional capacity to perform light work with limitations. He should avoid concentrated exposure to fumes, dusts, gases, or poor ventilation. His psychologically-based symptoms would prevent him from working well with the public. He would be able to perform multiple-step activities.

\* \* \* \* \* \*

8. The claimant is an individual closely approaching advanced age (20 C.F.R. § 416.963).

9. The claimant has "more than a high school (or high school equivalent) education" (20 C.F.R. § 416.964).

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. § 416.968).

11. The claimant has the residual functional capacity to perform a significant range of light work (20 C.F.R. § 416.967).

12. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical–Vocational Rule 202.13 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as a mail clerk, a photocopy operator, or a security guard.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(f)).

(R. 22–23).

 This Court's inquiry is limited to a determination of whether there is substantial evidence in the record to support the ALJ's findings and whether the proper legal standards have been applied. *See Masterson,* 309 F.3d at 272; *Watson,* 288 F.3d at 215; *Myers,* 238 F.3d at 619; *Newton,* 209 F.3d at 452; *Greenspan,* 38 F.3d at 236; *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). To determine whether the decision to deny Fosha's claim for benefits is supported by substantial evidence, the court weighs the following four factors: (1) the objective medical facts; (2) the diagnoses and opinions from treating and examining physicians; (3) the claimant's subjective evidence of pain and disability, and any corroboration by family and neighbors; and (4) the claimant's age, educational background, and work history. *See Martinez v. Chater,* 64 F.3d 172, 174 (5th Cir.1995); *Wren v. Sullivan,* 925 F.2d 123, 126 (5th Cir.1991) (citing *DePaepe v. Richardson,* 464 F.2d 92, 94 (5th Cir. 1972)). Any conflicts in the evidence are

to be resolved by the ALJ and not the court. *See Newton,* 209 F.3d at 452; *Brown,* 192 F.3d at 496; *Martinez,* 64 F.3d at 174; *Selders,* 914 F.2d at 617.

### D. *Issue Presented*

Fosha argues that the ALJ misapplied the Medical–Vocational Guidelines in making the determination that Fosha was not disabled. Fosha apparently reads the ALJ's decision as applying Grid Rule 202.13 to direct a finding of "not disabled." Fosha maintains that because he was less than six months of age fifty-five, Grid Rule 202.04 should have been applied instead, reaching a finding of "disabled." *See* Docket Entry No. 15 at 7–8. Citing 20 C.F.R. § 416.963(b), Fosha contends that the Grids should not be applied mechanically when the claimant is only a few months from the next age category. *See id.* at 7. The Commissioner maintains that the ALJ's decision is supported by substantial evidence. *See* Docket Entry No. 14.[2]

### E. *Application of the Grid Rules*

The Medical–Vocational Guidelines, commonly referred to as the "grid rules," allow the Commissioner to take "administrative notice" of the availability of jobs that exist in the national economy that can be performed by individuals at various function levels (*i.e.,* sedentary, light, medium, heavy, and very heavy) in *lieu* of calling a VE to testify. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200(b); *see also Heckler v. Campbell,* 461 U.S. 458, 467, 470, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983); *Harrell v. Bowen,* 862 F.2d 471, 478 (5th Cir.1988). As the Supreme Court explained in *Campbell:*

These guidelines relieve the Secretary of the need to rely on vocational experts by establishing through rulemaking the types and numbers of jobs that exist in the national economy. They consist of a matrix of the four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy. Where a claimant's qualifications correspond to the job requirements identified by a rule, the guidelines direct a conclusion as to whether work exists that the claimant could perform. If such work exists, the claimant is not considered disabled.

461 U.S. at 461–62, 103 S.Ct. 1952 (footnotes omitted). The Court elaborated:

Each of these four factors is divided into defined categories. A person's ability to perform physical tasks, for example, is categorized according to the physical exertion requirements necessary to perform varying classes of jobs—*i.e.,* whether a claimant can perform sedentary, light, medium, heavy, or very heavy work. Each of these work categories is defined in terms of the physical demands it places on a worker, such as the weight of objects he must lift and whether extensive movement or use of arm and leg controls is required.

*Id.* at 462 n. 3, 103 S.Ct. 1952 (internal citations omitted).

 The grid rules come into play at step five of the sequential evaluation process at which the Commissioner carries the burden to establish that the claimant possesses the residual functional capacity to perform alternative employments that

---

**2.** Because the Commissioner filed her summary judgment motion prior to Fosha submitting his motion for summary judgment, the Commissioner did not address Fosha's borderline age claim in her brief. Instead, the

Commissioner's brief asserts that the ALJ's decision, at steps one through five of the sequential evaluation process, is supported by substantial evidence. *See* Docket Entry No. 14.

exists in the national economy. *See Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). When the characteristics of the claimant correspond to criteria in the grids, and the claimant either suffers only from exertional impairments or his nonexertional impairments[3] do not significantly affect his residual functional capacity, the ALJ may rely exclusively on the Grids in determining whether there is other work available that the claimant can perform. *See Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir.1987) (citing 20 C.F.R. § 404.1569 & Subpart P., App. 2, § 200.00); *see also Dellolio v. Heckler*, 705 F.2d 123, 127–28 (5th Cir. 1983). Otherwise, the Fifth Circuit has consistently held that if the ALJ determines that a claimant suffers from a nonexertional impairment, the ALJ must produce expert vocational testimony or other similar evidence to establish that such jobs exist. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988); *Fraga*, 810 F.2d at 1304 (citing *Lawler v. Heckler*, 761 F.2d 195, 198 (5th Cir.1985)); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986). Thus, the grids may provide a shortcut in certain circumstances to determining whether a claimant can perform other work by obviating the need for a VE's testimony.

■ With respect to the age factor, the Commissioner's regulations provide that the Administration "will not apply the age categories mechanically in a borderline situation." 20 C.F.R. § 416.963(b). "Bor-

derline," however, is not specifically defined, indicating that the Commissioner has discretion in determining when a situation is "borderline." *Harrell*, 862 F.2d at 479; *see also Underwood v. Bowen*, 828 F.2d 1081, 1082 (5th Cir.1987), *cert. denied*, 484 U.S. 1029, 108 S.Ct. 758, 98 L.Ed.2d 770 (1988) (Commissioner is vested with considerable discretion in borderline situations). A review of Social Security Ruling 82–46c provides some guidance as to how that discretion ought to be exercised, stating that a borderline situation exists where there would be a shift in results under the Grids caused by the passage of a few days or months. *See* SSR 82–46c, 1982 WL 31427, at *6 (1982); *but see* SSR 83–10, 1983 WL 31251, at *8 (1983) ("No fixed guidelines as to when a borderline situation exists are provided since such guidelines would themselves reflect a mechanical approach."). As such, § 416.963(b) does not warrant an automatic transfer to the next age bracket in close cases.

■ In the instant case, the ALJ determined that Fosha had the residual functional capacity to perform a significant range of light work (20 C.F.R. § 416.967). (R. 20, 22). Recognizing that Fosha's ability to perform all or substantially all of the requirements of light work was impeded by additional exertional and/or non-exertional limitations,[4] the ALJ elicited testimony from a VE to determine whether or not there were a significant number of jobs

---

**3.** "Nonexertional impairments" are those which do "not result in [strength] limitations, *e.g.*, certain mental, sensory, or skin impairments. In addition, some impairments may result in postural and manipulative limitations or environmental limitations." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200(e). Since the guidelines are predicated on an individual's having an impairment which manifests itself by limitations in meeting strength requirements of jobs, they may not be fully applicable where the nature of an individual's impairment does not result in

such limitations. *Id.* The rules do not direct factual conclusions of disabled or not disabled for individuals with solely nonexertional types of impairments. *See id.; see also Broussard v. Bowen*, 828 F.2d 310, 313 (5th Cir.1987).

**4.** The ALJ determined that Fosha should avoid concentrated exposure to fumes, dusts, gases, or poor ventilation. (R. 20). Also, the ALJ concluded that, due to Fosha's psychologically-based symptoms, Fosha would not work well with the general public. (R. 20).

in the national economy that the claimant could perform given his residual functional capacity and other vocational factors. (R. 20–21, 48–50). The VE testified that Fosha would not be able to perform his past relevant work, which was at a medium exertion level. (R. 48–49). The VE further testified that based on Fosha's age, education, work experience, RFC, and specific work restrictions, Fosha would be capable of making a vocational adjustment to other work. (R. 48–49). Given all of these factors, the VE stated that Fosha could work the following light, unskilled jobs, that existed in significant numbers in the national and local economy: mail clerk; photocopy operator; or, security guard. (R. 22, 49). In his decision, the ALJ found:

> Based on the testimony of the vocational expert, the undersigned concludes that considering the claimant's age, educational background, work experience, and residual functional capacity, he is capable of making a successful adjustment to work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore reached within the framework or Medical–Vocational Rule 202.13.

(R. 21). In his decision, the ALJ listed examples of jobs Fosha could perform (e.g., mail clerk, photocopy operator, or security guard) that the VE identified. (R. 21, 23).

Fosha now [5] argues that the ALJ erred by classifying him as "closely approaching advanced age," [6] and using the "framework" of Grid Rule 202.13 for a finding of "not disabled." See 20 C.F.R. Pt. 404, Subpart P, App. 2, Table 2, § 202.13. Fosha asserts that his same profile, but with a classification of "advanced age," [7] would have resulted in a finding of "disability" under Grid Rule 202.04. See id. at § 202.04. Fosha's focus on the appropriate grid rule is misplaced. The ALJ, while stating that he used the grid rules as a "framework" of reference, nevertheless elicited testimony from a VE. The ALJ's reference to the grids as a framework was surplusage, and that reference does not impugn the ultimate decision. Fosha does not claim that the grid ought not have been used for guidance only. See Docket Entry No. 14, at 7–8. Instead, citing to the Tenth Circuit,[8] Fosha contends that in

---

**5.** Fosha did not advance this argument before the ALJ. Nowhere in the record is there documentary or testimonial evidence urging the ALJ to categorize Fosha as being of "advanced age," rather than simply "closely approaching advanced age." The first time Fosha raised the issue was in a letter to the Appeals Council dated September 24, 2003, in which Fosha noted that he was less than six months from reaching age fifty-five, subsequent to the ALJ's decision of August 13, 2003. (R. 9–12). As indicated, the Appeals Council denied review, concluding that Fosha's contentions did not provide a basis for changing the ALJ's decision. (R. 6–8).

**6.** A person is considered to be "closely approaching advanced age" from the age of fifty to fifty-four. See 20 C.F.R. § 416.963(d). Section 416.963(d) provides that if the claimant falls within this age classification, the SSA will consider that the claimant's age along

with a severe impairment(s) and limited work experience may seriously affect the claimant's ability to adjust to other work. Id.

**7.** One is deemed to be of "advanced age" upon reaching the age of fifty-five. See 20 C.F.R. § 416.963(e). Section 416.963(e) states that a claimant's advanced age significantly affects the claimant's ability to adjust to other work. Id.

**8.** The Tenth Circuit cases are distinguishable from the case at bar where the ALJ properly questioned and relied on VE testimony. See Cox v. Apfel, 166 F.3d 346, 1998 WL 864118, at *3 (10th Cir.1998) (VE testimony could not provide substantial evidence in borderline age case because hypothetical posed by ALJ did not relate all of plaintiff's limitations); Daniels v. Apfel, 154 F.3d 1129, 1131 (10th Cir. 1998) (although ALJ stated that he used the grids as a "framework," the Court found that he relied solely on grids); Lambert v. Chater,

borderline situations, as here, the grids should not be applied mechanically. *See id.* at 8. Fosha, albeit implicitly, appears to argue that the VE's testimony should be disregarded and the grid ought to govern as a matter of law. Fosha merely wishes to apply a different section of the grid than that utilized by the ALJ. Fosha's argument must be rejected. The decision to place someone whose age approaches another category in that category is discretionary with the ALJ, and the decision is accorded considerable deference. *See Harrell,* 862 F.2d at 479. The court's role is not to substitute its opinion for that of the ALJ, but to determine if the decision is supported by substantial evidence. Fosha's actual age clearly fit in the "closely approaching advanced age" category at the relevant time period, and the ALJ's decision is therefore supported by substantial evidence. Accordingly, the ALJ's decision should not be disturbed.

### III. *CONCLUSION*

In sum, the ALJ properly relied on VE's testimony when he found that Fosha could perform light, unskilled work with certain restrictions. There is substantial evidence of record to support that opinion. Accordingly, it is therefore

**RECOMMENDED** that Fosha's Motion for Summary Judgment (Docket Entry No. 15) be **DENIED.** It is further

**RECOMMENDED** that the Commissioner's Motion for Summary Judgment (Docket Entry No. 13) be **GRANTED.** It is finally

**RECOMMENDED** that the Commissioner's decision denying Fosha disability benefits be **AFFIRMED.**

The Clerk of the Court shall file this Memorandum and Recommendation and

---

96 F.3d 469, 470 (10th Cir.1996) (when claimant's insured status expired, she was seven months short of the next category;

provide the parties with a true copy. The parties shall have ten (10) days from receipt to file specific, written objections to the Memorandum and Recommendation. *See* Fed. R. Civ. P. 72. Absent plain error, the failure to file objections bars an attack on the factual findings, as well as the legal conclusions, on appeal. The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208–1010. Copies of the objections must be mailed to the opposing party and to the chambers of the magistrate judge, P.O. Box 61205, Houston, Texas 77208–0070.

February 24, 2005.

---

thus, the court found that she did not fall within a borderline situation preventing application of the grids).