Larry MAYS, Plaintiff–Appellant,

v.

Otis R. BOWEN, M.D., Secretary, Health and Human Services, Defendant–Appellee.

No. 87–4674

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 24, 1988.

---

Laurel G. Weir, Thomas L. Booker, Philadelphia, Miss., for plaintiff-appellant.

Robert Q. Whitwell, U.S. Atty., Charles W. Broun, III, Asst. U.S. Atty., Oxford, Miss., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

Larry Mays asserts that the district court erred by upholding the Secretary of Health and Human Services' decision to deny him social security disability payments. We disagree and affirm.

### I.

Larry Mays first sought disability payments on November 21, 1983. He contended that the effects of a neck injury prevented him from working. An initial denial of benefits was remanded by the district court for reconsideration in light of *Stone v. Heckler*, 752 F.2d 1099 (5th Cir.1985). On remand, the administrative law judge conducted an additional hearing, applied the severity standard of *Stone v. Heckler*, and found that Mays could perform either medium, light, or sedentary work. The ALJ then applied table 3 in 20 C.F.R. § 404, Subpt. P, App. 2 and determined that Mays was not disabled. The appeals council affirmed the ALJ's conclusion.

Mays applied for judicial review of the Secretary's decision under 42 U.S.C. § 405(g). A magistrate concluded that although substantial evidence did not support the Secretary's conclusion that Mays could do light and medium work, such evidence did support the finding that Mays could perform sedentary work. The magistrate then applied Table 1 in the 20 C.F.R. § 404, Subpt P, App. 2 (a different table

than that applied by the ALJ) and found that a finding of "not disabled" was still warranted. As a result, the magistrate recommended that the district court affirm the Secretary's decision. The district court adopted the magistrate's report and dismissed Mays' complaint.

On appeal, Mays contends that the lower court erroneously substituted its judgment for the judgment of the ALJ, that improper standards and regulations were applied and that substantial evidence does not support the Secretary's conclusion that Mays could perform sedentary work. We reject Mays' contentions and affirm.

## II.

Assuming that under judicial review provision of the Social Security Act the district court lacks the authority to apply regulatory tables not used by the ALJ, a remand of this action is not warranted. Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected. *Carter v. Massey–Ferguson, Inc.*, 716 F.2d 344, 349 (5th Cir.1983). Fed. R.Civ.P. 61. The fact that the United States magistrate agreed with only one of three determinations by the administrative law judge and consequently had to use a different disability table did not affect Mays' substantial rights. The ALJ determined that Mays could perform medium, light, or sedentary work. The magistrate thereafter acted in Mays' favor to narrow the ALJ's findings by determining that substantial evidence only supported the conclusion that Mays could perform sedentary work. The table used by the magistrate was the table the ALJ would have been required to use under the magistrate's revised factual conclusions. The result continued to be that Mays was "not disabled," and no substantial right of his was affected. The major policy underlying the harmless error rule is to preserve judgments and avoid waste of time. *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 520 (5th Cir.1981). Remanding this case for a third time would produce the same result while wasting time and resources.

## III.

The ALJ did not err by not explicitly finding a severe impairment. The Secretary evaluates disability claims through a five step process:

1) Is the claimant currently working?

2) Can the impairment be classified as severe?

3) Does the impairment meet the duration requirement and meets or equals a listed impairment in Appendix 1 of Subpart P of Regulation No. 4?

4) Can the claimant perform past relevant work?

5) Can claimant perform other work, taking into consideration age, education, past work experience and residual functional capacity?

20 C.F.R. 404.1520 and 920. Under *Moon v. Bowen*, 810 F.2d 472 (5th Cir.1987) if the ALJ proceeds past the impairment step in the sequential evaluation process the court must infer that a severe impairment was found. In this case, the ALJ reached the fifth step in the process. As a result, we conclude that the ALJ implicitly found a severe impairment and find no error.

## IV.

The district court correctly held that Mays did not carry his burden of proving that he could not perform sedentary work. As the claimant, Mays bears the burden of proving that he is disabled within the meaning of the Social Security Act, 42 U.S.C. § 423(d). *Fraga v. Bowen*, 810 F.2d 1296 (5th Cir.1987). Once he has shown that he is unable to perform his previous work and that his disability has lasted or may be expected to last at least twelve months, the burden shifts to the Secretary to show that there is other substantial gainful employment available that the claimant is capable of performing. *Taylor v. Brown*, 782 F.2d 1294, 1298 (5th Cir. 1986). If the Secretary adequately points to potential alternative employment, (in this case the Secretary determined Mays could perform sedentary labor) the burden then shifts back to the claimant to prove that he is unable to perform the alternate work. *Id.; Millet v. Schweiker*, 662 F.2d 1199, 1201 (5th Cir.1981).

■ After the ALJ's decision was prepared and forwarded to the Appeals Council, Mays was notified that he could submit additional evidence. A review of the administrative record reveals that substantial evidence supports the conclusion that Mays could perform sedentary work. Sedentary work is defined as work that

> [i]nvolves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (1987).

Dr. Cameron filled out a physical capacities evaluation form and expressly found that Mays could perform sedentary work. Dr. Lipton's report confirmed Dr. Cameron's findings. Moreover, Mays testified that he regularly engages in activities that are included in the definition of sedentary work. Mays did not carry his burden of disproving he could perform sedentary work.

The decision of the district court is

AFFIRMED.