United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-31226
Summary Calendar

EDWARD V. MOORE

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,
Jo Anne B. Barnhart, Commissioner,

Defendant-Appellee,

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 2:04-CV-177)

Before REAVLEY, JOLLY and OWEN,  Circuit Judges.

PER CURIAM:[*]

Edward V. Moore appeals the district court's decision affirming the

Commissioner's denial of social security disability benefits.  We affirm for the following

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

1

reasons:

1.      We agree with the analysis offered in the magistrate judge's report and recommendation and the district court's order accepting the magistrate's recommendation.

2.      Moore first argues that the district court exceeded its judicial review function by affirming the ALJ's decision based upon grounds not relied upon or considered by the ALJ.  Moore claims that the ALJ did not analyze his liver condition as to whether that condition met the requirements of 20 C.F.R. pt. 404, subpt. P, app. 1, § 5.05 (2005).  He claims that the district court's "post hoc rationalization" is contrary to well-established precedent that an ALJ's decision may only be affirmed on grounds stated in the ALJ's decision.

Without mentioning listed impairment 5.05, the ALJ indicated that Moore's severe impairments did not meet or medically equal a listing. While the ALJ's reasoning certainly could have been clearer, "[p]rocedural perfection in administrative proceedings is not required." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1998).  Even assuming the district court engaged in impermissible "post hoc rationalization," Moore has failed to show that his substantial rights have been affected. *Id.*

Moore's liver condition did not meet the listing requirement for chronic liver disease.  20 C.F.R. pt. 404, subpt. P, app. 1, § 5.05 (2005).  While Moore may have satisfied the criteria of this listing for a time, his bilirubin levels dropped

2

below the listing levels within one year of the earliest testing, and thus, Moore did not meet the twelve month durational requirements of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

3.     Moore next argues that the ALJ erred by failing to order spirometric testing to evaluate whether he suffers from Chronic Obstructive Pulmonary Disease (COPD).  A consultative examination for such additional testing is required "when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [a] claim."  20 C.F.R. §§ 404.1519a(b), 416.919a(b).  As noted by both the district court judge and the magistrate judge, a number of medical reports indicate that Moore was not suffering from disabling COPD, and it was not necessary to order testing.  Further, the district court indicated that Charity Hospital examined Moore and determined that testing was not called for.  Accordingly, substantial evidence supports the ALJ's decision not to seek spirometric testing.

4.     Moore contends that the ALJ improperly relied upon the Medical-Vocational Guidelines (Grids) as a framework for decision-making, and such reliance is improper where a plaintiff is found to experience nonexertional limitations.  He argues that the most he could do is sedentary work.  He claims that the availability of sedentary work is immaterial because in his circumstances the Medical-Vocational Guidelines direct a finding of disability.  Moore's arguments are meritless.

3

The ALJ recognized that Moore was not capable of performing a full range of light work and it did not rely upon the Grid Rules. The Grids may nevertheless be consulted as a "framework" for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations when the claimant is so affected by a nonexertional impairment as to preclude resort to the Grids for a disability determination. 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)(2) (2005). The ALJ found that Moore experienced nonexertional limitations, and therefore, relied upon vocational expert testimony to establish whether jobs exist in the national economy that Moore can perform. The vocational expert opined that there were a significant number of jobs that Moore could perform. The ALJ may rely upon the vocational expert's testimony provided that the record, as here, reflects an adequate basis for doing so. *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000). The ALJ's determination that Moore retained the residual functional capacity for a reduced range of light work is supported by substantial evidence—the opinions of five physicians.

AFFIRMED.