United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-31256
Summary Calendar

TALMADGE M. WALKER,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 1:03-CV-769-FAL)

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Reviewing under the same standard as the district court, we affirm the ALJ's final

decision denying Mr. Walker's claim for disability insurance benefits under sections

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

216(i) and 223 of Title II of the Social Security Act, (42 U.S.C. § 401 et seq.) for the following reasons:

1. We find there is substantial evidence of record supporting the ALJ's determination that Walker is not disabled within the meaning of the Act.

2. The ALJ's decision comports with the legal standards for disability determination set forth by this Court under the Act and relevant regulations, including our opinion in Newton v. Apfel, 209 F.3d 448 (5th Cir. 2000).

3. The record indicates that the ALJ properly considered and gave appropriate weight to the opinions of Walker's treating physicians, including the opinion of Dr. Jon DeFrance. The ALJ is not required to give controlling weight to a treating physician opinion when that opinion is contradicted by examining physician evidence. Newton at 458. We do not require consideration of each of the factors set out in Newton where, as here, "there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another." Id. In this case, there is reliable medical evidence of record from examining physicians, Drs. Snatic and Quillin, that contradicts the opinions of Dr. DeFrance.

Dr. DeFrance's ultimate conclusion that Walker is disabled is an opinion on an issue reserved for the Commissioner and, as such, is not entitled to "controlling weight." 20 C.F.R. § 404.1527(e)(1). A physician's

opinion that a claimant is "disabled" is not entitled to special significance. Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003). Further, Dr. DeFrance's conclusion that Walker is disabled because retraining from his commercial driving position would be difficult clearly ignores the relevant standard. While all concur that Walker cannot return to his previous work as a bus driver, the standard is whether he also cannot perform other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). The vocational expert testified that, despite his limitations, Walker could perform other work available in the national economy.

4. We note that the ALJ's determination that Walker was not receiving any ongoing medical treatment was not accurate because Walker was taking prescribed medication at the time of both the first and second hearings. However, we agree with the district court that this error does not affect the ALJ's ultimate determination of disability. First, the ALJ's statement makes clear that his non-credibility finding was influenced by Walker's lack of ongoing medical treatment for all impairments, not only the eye condition for which Walker continues to take medication. Further, while discounting Walker's allegations of severe concentration and pain limitations related to the eye condition, the ALJ accepted the opinion of Dr. Bowman, the physician providing the ongoing eye treatment, and accepted and incorporated Dr. Bowman's finding that Walker only has use of his

3

non-affected eye. Finally, the ALJ also set forth other bases for his credibility assessment, noting that contrary to his subjective complaints, Walker's description of his daily activities was consistent with a wide range of medium work.

5. We find the ALJ properly considered the disabling effect of each of Walker's raised impairments as well as the combined effect of such impairments in reaching a disability determination. Fraga v. Bowen 810 F.2d 1296, 1306 (5th Cir. 1987). It is apparent that the ALJ considered Walker's cognitive as well as physical limitations in framing hypothetical questions to the vocational expert.

Affirmed.