United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41471
Summary Calendar

GUADALUPE DELEON,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:01-CV-187
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Guadalupe DeLeon appeals from the district court's judgment affirming the Commissioner of Social Security's denial of DeLeon's application for disability insurance benefits and supplemental security income. This court's review of the Commissioner's decision is limited to determining whether the Commissioner used proper legal standards to evaluate the evidence and whether the decision is supported by substantial evidence. See Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

DeLeon first alleges that the administrative law judge (ALJ) failed to give proper consideration to the opinions of her treating and examining physicians. In his decision, the ALJ conducted a detailed analysis of the record and set forth substantial evidence that, inter alia, the opinions offered by DeLeon's treating and examining physicians were contrary to substantial evidence. Among the conflicts noted by the ALJ was the fact that DeLeon's subjective complaints to her treating and examining physicians often were inconsistent with the objective medical findings and the observations made by the physicians. Because they were inconsistent internally and with other substantial evidence in the record, the opinions of DeLeon's treating and examining physicians were not entitled to any specific weight in the ALJ's decision. See Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994).

DeLeon next contends that the ALJ failed, in assessing her residual functional capacity (RFC), to comply with controlling law and regulations. In making his RFC assessment, the ALJ discussed DeLeon's functional limitations and work-related abilities on a function-by-function basis. Moreover, in his decision, the ALJ considered and evaluated, inter alia, the state examiner's RFC assessment, the medical evidence, and DeLeon's hearing testimony. In so doing, the ALJ correctly applied the relevant legal standards when determining DeLeon's RFC.

Finally, DeLeon asserts that the ALJ failed to (a) discover conflicts between the testimony of the vocational expert (VE) and the Dictionary of Occupational Titles (DOT); and (b) address such conflicts. Specifically, DeLeon contends there are unresolved conflicts between the VE's and the DOT's classifications of three jobs which the VE testified that DeLeon could perform: hand packager, security guard, and small products assembler II. Even if the ALJ erred by failing to discover and address such conflicts, DeLeon is not entitled to relief unless she can establish that she has been prejudiced by the alleged error. See Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988) (holding that the judgment should not be vacated unless the substantial rights of a party are affected).

The VE concluded that DeLeon had the RFC to work as an agricultural produce sorter, a light exertional and unskilled position, or as a stuffer, a sedentary and unskilled position. See DOT 529.687-186, 731.685-014. On appeal, DeLeon has not argued that there is a conflict between the VE's testimony and the DOT with respect to these two positions. Therefore, there was substantial evidence to support the Commissioner's finding that DeLeon had the RFC to perform, at least, two jobs identified by the VE, and DeLeon was not prejudiced by any purported error related to other jobs identified by the VE.

Having carefully reviewed the record of this case and the parties' respective briefing, and for the reasons set forth

above, we conclude that the ALJ used the proper legal standards to evaluate the evidence and that substantial evidence existed to support the ALJ's decision.  Therefore, the judgment of the district court is AFFIRMED.