United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 2, 2006**

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals
For The Fifth Circuit*

No. 05-51602
Summary Calendar

GAYLE J. WARD,

Plaintiff - Appellant,

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Texas
No. 1:04-CV-00328

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gayle Ward applied for disability insurance benefits under Title II of the Social

Security Act (SSA), alleging an inability to work due to systemic lupus erythematosus (SLE),

fibromyalgia, Sjogren's syndrome, depression, rheumatoid arthritis, osteoporosis, and renal

insufficiency. The claim was denied initially, upon reconsideration, and after a hearing, at

which an Administrative Law Judge (ALJ) determined that Ward is not disabled because she

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is capable of performing her past relevant work as a housekeeper.  Ward appealed this determination to the Appeals Council, who denied her request for review, and sought further review in the federal district court, which affirmed the ALJ's decision.  Ward appeals.

Our review of the Commissioner's decision to deny benefits is limited to two inquiries: whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards.[1]  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"[2] and is "more than a mere scintilla[] and less than a preponderance."[3]  If supported by substantial evidence, the Commissioner's factual findings are conclusive.[4]  "The court does not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision."[5]  The Commissioner, rather than the court, is charged with resolving any conflicts in the evidence.[6]

Ward bears the burden of proving she suffers from a disability under the SSA.[7]

---

[1] *See, e.g.*, *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

[2] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).

[3] *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

[4] 42 U.S.C. § 405(g).

[5] *Newton*, 209 F.3d at 452.

[6] *Id.*

[7] *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992).

2

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months."[8] The Commissioner uses the familiar five-step sequential process to evaluate disability claims and considers whether: (1) the claimant is performing substantial gainful activity; (2) the claimant has a "severe impairment"; (3) the claimant's impairment meets or equals one listed in Appendix 1 of the regulations; (4) the claimant has the residual functional capacity (RFC) to perform her past relevant work; and (5) the claimant can make an adjustment to other work in light of her age, education, work experience, and RFC.[9] If the claimant shows that she is disabled under the first four steps, the burden shifts to the Commissioner for the fifth step to demonstrate that the claimant can perform other substantial work in the national economy.[10] A finding that the claimant is not disabled at any step is conclusive and ends the inquiry.[11] The ALJ found that Ward has the severe impairments of SLE, fibromyalgia, Sjogren's syndrome, rheumatoid arthritis, and depression, but that she is not disabled because she has the RFC, meaning the most she can do despite her limitations,[12] to perform her past relevant work as a housekeeper.

Ward first challenges the ALJ's decision to place little weight on the opinion of her

---

[8]42 U.S.C. § 423(d)(1)(A).

[9]20 C.F.R. § 404.1520.

[10]*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

[11]*Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

[12]20 C.F.R. § 404.1545(a).

treating physician, Dr. Irma Aguirre, that her conditions prevent her from walking even one city block, lifting any weight, sitting for more than 30 minutes at a time, or standing for more than 10 minutes at a time and thus from performing any of her past relevant work. Ward specifically argues that the ALJ failed to follow the detailed analysis required by the regulations and based his decision on less than substantial evidence. Although "the opinion and diagnosis of a treating physician should [generally] be afforded considerable weight in determining disability," and should often be given controlling weight, the ALJ may give the opinion little or no weight when good cause is shown, for instance where the opinion is conclusory or unsupported by the objective medical evidence.[13] When the ALJ determines that the opinion is not entitled to controlling weight,[14] the regulations require the ALJ to consider several factors in deciding how much weight to give the opinion, such as the length of treatment, the consistency of the opinion with the record as a whole, and the specialization of the treating physician.[15] This court has held, though, that the ALJ need not consider each of the factors where "'there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another.'"[16]

---

[13]*Newton*, 209 F.3d at 455-56.

[14]*See id.* at 455 ("A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence.") (internal quotations and citations omitted); 20 C.F.R. § 404.1527(d)(2).

[15]20 C.F.R. § 404.1527(d); *see also Newton*, 209 F.3d at 456.

[16]*See Walker v. Barnhart*, No. 04-31256, 158 Fed. Appx. 534 (5th Cir. Dec. 9, 2005) (quoting *Newton*, 209 F.3d at 458 (holding that the ALJ must consider each of the factors in 20

Although the ALJ did not discuss every factor listed by the regulations, the ALJ engaged in a detailed discussion of the evidence, which included competing first-hand medical evidence that conflicted with Dr. Aguirre's opinion as to Ward's limitations, and there is substantial evidence to support his decision to place little weight on that opinion. Significantly, just 10 days prior to completing the RFC assessment, Dr. Aguirre stated in a progress note that Ward's SLE, rheumatoid arthritis, and Sjogren's syndrome had stabilized, that she was doing better on her medication regimen, and that her insomnia and fatigue had improved. Later that year, another examining physician stated that Ward's SLE was "under fairly good control" with her medication. According to another treating physician, Ward has normal muscle tone and bulk with "five out of five strength in all muscle groups in all extremities." The ALJ further noted other inconsistencies between Dr. Aguirre's RFC assessment and the record. For example, Dr. Aguirre claimed that Ward has swelling in her joints, but an exam two months earlier revealed no swelling. Additionally, Dr. Aguirre indicated that Ward's conditions implicate her gastrointestinal system, but the record contains evidence of only some constipation, which had improved with fiber therapy. In these circumstances, the ALJ did not err by placing little weight on (or effectively rejecting) the treating physician's opinion that Ward could not walk one city block, lift any weight, or stand or sit for prolonged periods. Although Ward disagrees with the ALJ's resolution of the

---

C.F.R. § 404.1527 before declining to give any weight to the opinions of the claimant's treating specialist, but noting that the case did not involve competing first-hand medical evidence)).

5

conflicting evidence, we decline to substitute our judgment for that of the ALJ.[17]

Ward next challenges the ALJ's assessment of her RFC. First, Ward argues that the ALJ erroneously characterized her past relevant work as a housekeeper as "light work," which requires the ability to lift no more than 20 pounds,[18] even though her past work actually required her to lift 50 pounds. We find no error in the ALJ's characterization. The determination of whether a claimant can perform past relevant work "may rest on descriptions of past work as actually performed or as generally performed in the national economy."[19] Here, the vocational expert testified that a person who could perform a limited range of light work could work as a housekeeper as that job is generally performed. Second, Ward argues that the ALJ erred by not explicitly finding that she could maintain employment. Such a finding is generally implicit in the RFC assessment,[20] and an explicit finding was not required in this case because there is no evidence in the record that Ward's conditions "waxe[d] and wane[d] in [their] manifestation of disabling symptoms."[21] Finally,

---

[17]*See Newton*, 209 F.3d at 452.

[18]*See* 20 C.F.R. § 404.1567(b) (defining light work to require the ability to lift no more than 20 pounds, with frequent lifting of 10 pounds).

[19]*Villa*, 895 F.2d at 1022.

[20]*See Dunbar v. Barnhart*, 330 F.3d 670, 671 (5th Cir. 2003) (noting that "RFC is a measure of the claimant's capacity to perform work 'on a regular and continuing basis'" and implying that an ability to maintain employment is inherent in the definition of RFC).

[21]*Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003) ("*Watson [v. Barnhart*, 288 F.3d 212 (5th Cir. 2002), in which the court held that the ALJ erred by not determining whether the claimant could maintain employment,] requires a situation in which, by its nature, the claimant's . . . ailment waxes and wanes in its manifestation of disabling symptoms.").

Ward argues that the ALJ did not apply the proper legal standards or base his RFC determination on substantial evidence. We disagree. The ALJ considered all of the relevant evidence and addressed Ward's exertional and non-exertional limitations, as required by the regulations.[22] After rejecting the treating physician's RFC assessment as unsupported by the evidence, the ALJ adopted the state agency, non-examining physician's opinion that Ward could lift 20 pounds occasionally, 10 pounds frequently, stand and/or walk 6 hours out of an 8 hour day, and sit 6 hours out of an 8 hour day, or, in other words, that she could perform light work.[23]

Ward also argues that the ALJ failed to follow the requirements in 20 C.F.R. § 404.1529 for evaluating her allegations of disabling pain and the resulting limitations on her ability to work. Under the regulations, the ALJ must first determine whether there is a medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain.[24] If the ALJ finds such an impairment, he then has to consider a variety of factors, including the claimant's daily activities and treatment for pain, to determine the extent to which the pain limits the claimant's ability to do basic work activities.[25] "It is within the ALJ's discretion to determine the disabling nature of a

---

[22]*See* 20 C.F.R. § 404.1545; Social Security Ruling 96-8p.

[23]*See* 20 C.F.R. § 404.1567(b).

[24]20 C.F.R. § 404.1529(b); Social Security Ruling 96-7p.

[25]*Id.*

7

claimant's pain, and the ALJ's determination is entitled to considerable deference."[26]

"Subjective complaints of pain must also be corroborated by objective medical evidence."[27]

Here, the ALJ evaluated Ward's testimony in light of all the objective medical evidence and concluded that the evidence did not support her pain allegations to the extent alleged. The ALJ noted that there is evidence that Ward's SLE and rheumatoid arthritis were stabilizing, her muscle pain was greatly improved with medication, her headaches were short- lived and improved with Prozac, and her abdominal pain improved with fiber therapy. The ALJ also noted that the medical record contains no complaints regarding the side effects of her medication. Finally, there is evidence that Ward attended church twice a month, occasionally went grocery shopping, and did some cleaning and cooking. The ALJ applied the correct legal standard in evaluating the claimant's pain, and there is substantial evidence in the record to support his conclusion that her pain is not as limiting as she reports.

Finally, Ward argues that the Appeals Council failed to give her attorney a copy of the hearing transcript upon request and failed to consider her attorney's brief when declining to review her claim. Ward identifies no prejudice from these alleged errors. "Procedural perfection in administrative proceedings is not required[, and] [t]his court will not vacate a judgment unless the substantial rights of a party have been affected."[28]

AFFIRMED.

---

[26]*Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

[27]*Id.*

[28]*Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).