United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 19, 2007**

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals
For the Fifth Circuit*

No. 06-30417
Summary Calendar

RALPH SVEN UNDHEIM,

Plaintiff - Appellant,

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:05-CV-28

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ralph Undheim appeals the denial of social security disability benefits and

supplemental security income under Titles II and XVI of the Social Security Act.[1] He argues

that the Administrative Law Judge acted contrary to law by improperly discounting certain

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]"The relevant law and regulations governing the determination of disability under a claim for
disability benefits are identical to those governing the determination under a claim for supplemental
security income." *Davis v. Heckler*, 759 F.2d 432, 435 n.1 (5th Cir. 1985).

medical testimony and by making unsupported determinations of Undheim's credibility. Because we find that the Commissioner's decision is supported by substantial evidence and in accordance with law, we affirm.[2]

Undheim filed for disability benefits and supplemental security benefits in March of 2001, claiming that injuries to his legs and arm limited his ability to work. An ALJ denied the claim in 2002, but the Appeals Council vacated the decision and remanded the case with instructions to obtain additional documentation regarding Undheim's mental problems and to provide more rationale for the decision. A different ALJ then conducted a hearing, obtained additional evidence regarding Undheim's mental and physical health, obtained an opinion from a vocational expert, and ultimately determined that Undheim had the residual functional capacity that would allow him to perform jobs that exist in significant numbers in the national economy. The ALJ denied benefits, and the Appeals Council denied a request for review. Undheim then filed a civil action in district court and now brings this appeal.

Undheim first argues that the ALJ acted contrary to law when he refused to afford great weight to the opinion of Dr. McBride, M.D, a psychiatrist who treated Undheim. Dr. McBride opined that Undheim had a "severe depressive disorder with borderline psychotic features," and that he was "socially withdrawn, ha[d] impaired judgement and [was] disorganized in his thinking to the point of being incapable of any substantial gainful employment." Undheim argues that the ALJ erred in discounting Dr. McBride's opinion

---

[2]*See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

without first going through the six-factor analysis articulated in 20 C.F.R. § 404.1527(d).

The ALJ's discounting of Dr. McBride's opinion was not erroneous for the following reasons. First, "the ALJ has sole responsibility for determining a claimant's disability status[,]"[3] and Dr. McBride's opinion that Undheim is disabled, a decision reserved to the ALJ, is not entitled to any special significance under the regulations.[4] Second, the ALJ's decision to discount Dr. McBride's opinion was supported by substantial evidence, and the ALJ was not required to go through all six factors in 20 C.F.R. § 404.1527(d) in the face of competing first-hand medical evidence.[5] In this case, various psychologists examined Undheim and concluded that he did not appear depressed, that he had only mild difficulties in maintaining social functioning, that he had a fair ability to relate to others, and that there was no evidence of psychotic process. In particular, psychologist Susan Tucker, Ph.D., gave Undheim a "fair" prognosis and concluded that he suffered from substance abuse and depression. Dr. Tucker noted that Undheim demonstrated an average ability to focus his concentration over brief periods, displayed average remote memory and was able to recall relevant facts and dates, displayed focused thought patterns, displayed a marginal degree of insight, and had a marginal degree of social judgment. The ALJ's decision to discount Dr. McBride's opinion was supported by substantial evidence and he was not required to

---

[3]*Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990) (per curiam).

[4]20 C.F.R. § 404.1527(e)(1)-(3).

[5]*See Newton*, 209 F.3d at 458; *see also Walker v. Barnhart*, No. 04-31256, 158 Fed. Appx. 534 (5th Cir. Dec. 9, 2005) (interpreting *Newton* as not requiring the six-step analysis in the face of competing first-hand medical evidence).

3

evaluate each of the six factors listed in the regulations.

Undheim next argues that the ALJ acted contrary to law when he determined that Undheim's complaints were "credible, but not disabling to the extent alleged." He specifically argues that the ALJ did not follow 20 C.F.R. § 404.1529(c), which requires an ALJ to consider a list of factors when evaluating the intensity and persistence of a claimant's symptoms. When evaluating the credibility of a claimant's subjective allegations of pain, an ALJ must give specific reasons for his findings.[6] The reasons must supported by the evidence in the case record, and they must be sufficiently specific to make clear to the claimant and to any subsequent reviewers the weight the adjudicator gave to the claimant's statements and the reasons for that weight.[7] An ALJ is not required to follow formalistic rules when articulating the reasons for his credibility determination.[8]

In this case, the opinion as a whole gives sufficient reasons and documentation for the ALJ's credibility determination. The ALJ noted that Undheim's complaints were not fully supported by the objective medical evidence, that Undheim's physical and mental conditions had improved with medication and treatment, that Undheim engaged in various household activities, and that Undheim had made various inconsistent statements to his treating physicians. These determinations and findings are supported by substantial evidence in the record, and the ALJ's opinion was sufficiently specific to make clear how the ALJ reached

---

[6]Social Security Ruling 96-7p; *see also* 20 C.F.R. § 404.1529(c).

[7]Social Security Ruling 96-7p.

[8]*Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

4

his decision.  The ALJ's discussion was therefore sufficient to meet the requirements of section 404.1529(d).

We AFFIRM.