# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30298

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2016

Lyle W. Cayce
Clerk

LANCE JONES,

       Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,

       Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-404

Before JOLLY, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Lance Jones appeals from a final judgment entered by the district court which affirmed the Acting Commissioner of Social Security's decision to deny Jones's application for disability benefits under Title II of the Social Security Act. With his application, Jones submitted a psychiatric evaluation form prepared by his treating psychiatrist, Dr.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30298

Anupama Atluri.  Because Dr. Atluri's evaluation conflicted with other medical and circumstantial evidence in the record, the Administrative Law Judge ("ALJ") gave it "no weight" and denied Jones's claims.  On appeal, Jones claims that the ALJ failed to consider the factors outlined in 20 C.F.R. § 404.1527 (c) before dismissing Dr. Atluri's opinion as required by this Court's holding in *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000).  Finding no error, we AFFIRM.

I.

On June 6, 2011, Lance Jones ("Jones") filed an application for disability benefits under Title II of the Social Security Act, alleging that on January 21, 2011, he had become disabled due to increasing anxiety and panic attacks, and had not worked since that date.  His application was denied, and Jones filed a timely request for a hearing before an ALJ, which was granted.

Before the hearing, Jones submitted medical records from his treatment by several health care professionals during the time in which he claimed to be disabled.  These records included evaluations from Dr. Anupama Atluri (Jones's treating psychiatrist), Dr. Mark Mouton (a physician who treated Jones for anxiety and panic attacks), and Jane H. Couvillion (an occupational therapist who performed Jones's "1-day WorkWell Functional Capacity Evaluation").

Jones also submitted a four-page "Psychiatric Evaluation Form".  This form—filled out by Dr. Atluri in January 2012—addressed several factors that reflected Jones's alleged inability to function socially or maintain gainful employment.  Specifically, in response to the prompt: "Ability to Complete Normal Workday or Workweek without Significant Interruption from Psychologically Based Symptoms," Dr. Atluri marked the box indicating the

2

highest level of impairment, "Extreme Impairment."[1]  Moreover, in response to the follow-up question: "What medical evidence/observations supports the above conclusions?", Dr. Atluri responded simply "his severe anxiety poor coping skills."  Furthermore, Dr. Atluri, without any explanation, indicated that Jones's alleged disability "result[ed] in [his] inability to function independently outside of his home"; and, that Jones was not "capable of sustaining gainful employment on a regular and continuous basis (8) hours per day, five (5) days per week for a significant amount of time".

At the hearing, on March 6, 2012, Jones testified before ALJ Rowena DeLoach in support of his alleged disability.  The only other person who testified before the ALJ was a vocational expert, Mark Smith, who identified jobs that Jones could perform, even considering his alleged disabilities.[2]

On April 20, 2012, the ALJ issued a decision denying Jones's application for Social Security benefits.  In doing so, the ALJ also gave "no weight" to Dr. Atluri's January 2012 evaluation of Jones in her final decision.  Moreover, the ALJ asserted that Dr. Atluri's opinion was inconsistent with Jones's own testimony, as well as "[Dr. Atluri]'s own records, much less any other evidence of record."  Specifically, during the relevant evaluation period (January 21, 2011 to April 20, 2012) the ALJ determined, based on Jones's testimony, Jones had been able to: "drive a vehicle independently"; attend "Baton Rouge Community College" as a "full-time student" and make "passing grades";

---

[1] The "Psychiatric Evaluation Form" indicated that by marking "Extreme Impairment" the evaluator had determined that the patient was "completely precluded" from performing the described conduct and that "this [answer] must be justified by severe pathology and objective findings."

[2] Specifically, Smith determined that Jones could perform the duties of "price marker" or "laundry worker", both of which were "unskilled positions" requiring "light" to "medium physical demand".

No. 15-30298

"actively s[eek] work [and] attend[] job interviews"; and "attend follow-up doctor appointments and counseling sessions regularly."

The ALJ, in her opinion, determined that "[t]o the extent that the claimant has contended he is totally precluded from performing all work activity . . . such allegations are not fully supported by the evidence of record." The ALJ found that although Jones had not been gainfully employed during the relevant time period, and suffered from "generalized anxiety disorder; obesity; and hypertension", he did not have an "impairment or combination of impairments that me[t] or medically equal[led] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P. . . ."[3] "Based on the testimony of the vocational expert . . . [and] considering the claimant's age, education, work experience, and residual functional capacity," the ALJ further found that Jones was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy". Therefore, the ALJ determined that Jones was "not disabled" and denied his disability claims accordingly.

Jones appealed to the Appeals Council, which affirmed the ALJ's decision. Jones timely requested judicial review of the Appeals Council's decision in the District Court for the Middle District of Louisiana, which upheld the Commissioner's decision. Jones appealed to this Court.

II.

This Court reviews the Commissioner's denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). "If

---

[3] The ALJ concluded that Jones had not satisfied Part 404 because he had not shown that his mental impairment resulted in "at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decomposition, each of extended duration."

the Commissioner's findings are supported by substantial evidence, they must be affirmed." *Id.* "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). This Court "does not *reweigh the evidence in the record*, try the issues de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton*, 209 F.3d at 452 (emphasis added). "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").

"Of course, no similar presumption of validity attaches to the [Commissioner's] conclusions of law, including determinations of the proper standards to be applied in reviewing claims . . . ." *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987); *see also Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (The "Commissioner's decision is granted *great deference* and will not be disturbed unless the reviewing court . . . finds that the Commissioner made an error of law." (citing 42 U.S.C. § 405) (emphasis added)). "Procedural perfection in administrative proceedings", however, "is not required." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). "This court will not vacate a judgment unless the substantial rights of a party have been affected." *Id.*

## III.

A claimant attempting to establish entitlement to social security benefits "has the burden of proving she has a medically determinable *physical* or *mental* impairment lasting at least twelve months that prevents her from engaging in substantial gainful activity." *Newton*, 209 F.3d at 452 (citing 42 U.S.C. § 423(d)(1)(A) (emphasis added)). The ALJ then uses a five-step sequential

No. 15-30298

process to evaluate the claimant's entitlement to social security benefits by determining whether: "(1) the claimant is not working in substantial gainful activity; (2) the claimant has a severe impairment; (3) the claimant's impairment meets or equals a listed impairment in Appendix 1 of the Regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other work." *Newton*, 209 F.3d at 453 (citing 20 C.F.R. § 404.1520). The claimant bears this burden of proof for the first four steps and then the burden shifts to the Commissioner for the fifth step; and, claimants frequently rely on the medical opinions of their treating physician to satisfy their burden. *See Newton*, 209 F.3d at 453 (citing 20 C.F.R. § 404.1520(e)).

IV.

On appeal, Jones asserts that "it is uncontradicted that the ALJ rejected Dr. Atluri's opinion in its entirety without conducting the analysis required by [20 C.F.R.] § 404.1527, [Social Security Regulation] 96-2P, [or] *Newton* [209 F.3d 448] and *Myers* [*v. Apfel*, 238 F.3d 617 (5th Cir. 2001)]."[4] Moreover, Jones contends that "there was no competing medical opinion of record which the ALJ relied on to discredit Dr. Atluri," and, as a consequence, "the ALJ committed a reversible legal error per the Commissioner's regulations and rulings as well as [Fifth] Circuit precedent as cited above." In affirming the decision of the ALJ, however, the district court held that because "[i]n this case, there is competing first-hand medical evidence . . . the ALJ was free to find that one doctor's opinion was more well-founded than another" and was therefore not required to specifically consider each of the § 404.1527 factors

---

[4] It is clear from the face of the ALJ's decision, however, that at the very least she understood the requirements of, and conducted *some* analysis under, the statutory provisions that Jones cites on appeal. ("The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p . . . .").

6

before reaching a final decision concerning Jones's claims. *Jones v. Astrue*, No. 13-404-JJB, 2015 WL 1346244, at *1 (M.D. La. Mar. 23, 2015).

To be sure, this Court held in *Newton v. Apfel*, that "an ALJ is required to consider each of the § 404.1527([c]) factors before declining to give any weight to the opinions of the claimant's treating specialist." *Newton*, 209 F.3d at 456. Furthermore, a "treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is . . . 'not inconsistent with . . . other substantial evidence.'" *Id.* (citing *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (quoting 20 C.F.R. § 404.1527(c))).

The Social Security Administration has also provided that it "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion." *Newton*, 209 F.3d at 456 (quoting 20 C.F.R. § 404.1527(c)). "Specifically, this regulation requires consideration of: (1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of record, (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician." *Id.*

Nevertheless, "the ALJ has sole responsibility for determining a claimant's disability status." *Martinez v. Chater*, 64 F.3d at 176. Moreover, "'[t]he treating physician's opinions are far from conclusive' . . . [and] [f]or good cause shown, the ALJ may discount, or even disregard entirely, the opinion of the treating physician." *Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)). Furthermore, this Court has also held that ALJs are not required to consider the

§ 404.1527(c) factors before dismissing a treating physician's opinion if there is competing first-hand medical evidence contradicting that opinion.[5]

Although, as the district court held, the ALJ might not have been required to consider each of the § 404.1527(c) factors before reaching her final decision, we need not reach this question because, after a careful review of the ALJ's final decision, it is clear that she considered each of these factors.

Specifically, the ALJ considered the "(1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, [and] (3) the nature and extent of the treatment relationship," by recalling the details and diagnoses of numerous appointments between Jones and Dr. Atluri between March 2011 and January 2012:

> In March 2011, his treating physician, Dr. Atluri, noted in his records that the claimant's anxiety was improving with no complaints of side effects from medication and less obsessive somatic symptom reports at that time. . . . In May 2011, less anxiety symptoms were reported. In August 2011, he was seen by Dr. Atluri, M.D. with no worsening of his condition reported. . . . In October 2011, he reported having no side effects from medications. . . . It was not until February 2012 that the claimant reported increasing symptoms of anxiety related to situational stressors of attending college full-time. . . . In February 2012, treatment records from Dr. Atluri noted that the claimant reported increased anxiety with poor sleep patterns. In January 2012, a medical source statement questionnaire was completed by the claimant's treating source, Dr. Atluri.

---

[5] *See Newton*, 209 F.3d at 458 ("This is not a case where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another. Nor is this a case where the ALJ weighs the treating physician's opinion on disability against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion.") (citations omitted); *see also Hamilton-Provost v. Colvin*, 605 F. App'x 233, 240 (5th Cir. 2015); *Qualls v. Astrue*, 339 F. App'x 461, 466-67 (5th Cir. 2009); *Zimmerman v. Astrue*, 288 F. App'x 931, 935 (5th Cir. 2008).

The record also shows that the ALJ considered "(4) the support of the physician's opinion afforded by the medical evidence of record [and] (5) the consistency of the opinion with the record as a whole":

> For the reasons already discussed above, the assessments in this report have been given no weight as they are not consistent with [] [Dr. Atluri]'s own records, much less any other evidence of record.[6]

Finally, the ALJ considered "(6) the specialization of the treating physician":

> [T]he claimant's treating source, Dr. Atluri . . . opined that the claimant had moderate impairment in activities of daily living. He assessed marked limitations in social functioning and extreme impairment in the claimant's ability to complete a normal workday or workweek without disruption from psychologically based symptoms.

## V.

Accordingly, we hold that the record demonstrates that the ALJ satisfied the *Newton* and *Myers* requirements in her final decision denying Jones's disability claims. Because it is clear from the ALJ's final decision that she considered each of the § 404.1527(c) factors, Jones has failed to meet his burden of establishing that her final decision was unsupported by substantial evidence or that she used the incorrect legal standards to evaluate the evidence before her. For these reasons, the district court's judgment affirming the Commissioner's dismissal of Jones's disability claims is

AFFIRMED.

---

[6] *See* § I, at 2-4.