# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2021

Lyle W. Cayce
Clerk

No. 19-50796

A.J. Rabe, Incorporated,

*Plaintiff—Appellant*,

*versus*

Farm Service Agency; United States Department of
Agriculture; National Appeal Division,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-116

Before Stewart, Costa, and Willett, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant A.J. Rabe, Inc. ("Rabe, Inc.") appeals the district court's grant of summary judgment in favor of the United States. We AFFIRM.

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-50796

## I. Facts & Procedural History

Rabe, Inc. is a Texas corporation. In June 2016, it applied for a $300,000 loan with the Farm Service Agency ("FSA"). FSA determined that Rabe, Inc. was ineligible for the loan because of a lack of creditworthiness. In reaching this conclusion, FSA found that Rabe Inc. and its president, Arvell J. Rabe ("Rabe"), had unpaid debts and a federal tax lien. Rabe, Inc. unsuccessfully appealed the FSA's determination, first at a reconsideration meeting, then at a hearing before the National Appeals Division ("NAD"), and finally before the NAD Director.

In 2018, Rabe, Inc. filed suit in the district court seeking review of the agency decisions. The United States filed a motion to dismiss, or alternatively, a motion for summary judgment. The district court issued an order adopting the magistrate judge's report and recommendation and granted summary judgment for the United States. Rabe, Inc. appeals.

## II. Discussion

We review a district court's grant of summary judgment de novo. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 414 (5th Cir. 2021). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

While NAD decisions are reviewable by district courts, *see* 7 U.S.C. § 6999, we will affirm unless the final agency decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Adkins v. Silverman*, 899 F.3d 395, 401 (5th Cir. 2018); 5 U.S.C. § 706(2)(A). To qualify for a loan from the FSA, an applicant must have an "acceptable credit history as demonstrated by debt repayment." 7 C.F.R. § 764.101(d). Applicants with a history of failure to repay past debts when the ability to

repay was within their control have an unacceptable credit history. *Id.* § 764.101(d)(3).

On appeal, Rabe, Inc. makes a single argument: that the FSA violated its own procedures in denying Rabe, Inc.'s loan application. The FSA handbook requires officials to provide applicants with "clear, specific reasons" for denial of a loan. Rabe, Inc. argues that the FSA changed its reasoning for denying the loan and thus violated the handbook's mandate of providing clear and specific reasons. The change in reasoning described by Rabe, Inc. pertains exclusively to the FSA's treatment of a judgment against Rabe in favor of a livestock company, Knoxville Livestock. Rabe, Inc. states that it was substantially harmed by this error because the alleged change in reasoning prevented it from creating a successful argument in favor of its appeal. Furthermore, Rabe, Inc. argues that the NAD and the district court improperly failed to respond to his argument regarding violation of the FSA handbook.

The United States argues that Rabe, Inc. did not raise this issue before the district court. A party may not raise an issue for the first time on appeal. *Belliveau v. Barco, Inc.*, 987 F.3d 122, 129 n.3 (5th Cir. 2021). Rabe, Inc. had raised before the agency and before the district court concerns about the accuracy of the FSA's analysis of a judgment against him in favor of Knoxville Livestock, which seems to be the true crux of his appeal.[1] However, it does not appear that Rabe, Inc. had previously framed this issue as one relating to the FSA handbook's requirement of "clear, specific reasons" for a loan denial. Nevertheless, even if this argument is not waived, it is easily dispensed with because the record demonstrates that the FSA *did* comply with its handbook.

---

[1] *See infra* note 2.

No. 19-50796

In the initial denial, Rabe, Inc. was informed that it was ineligible based on "unacceptable credit history," and the denial listed several accounts that were subject to liens or debts used to make that determination. After the reconsideration meeting, Rabe, Inc. was again informed that it lacked creditworthiness because of delinquent debts, relying on many of the same accounts. The NAD then reached the same conclusion for the same reasons, as did the NAD director. The explanations offered at each stage of the appeal do not contradict each other, and, as required by the handbook, each clearly and specifically addressed the reasons supporting the decision. While Rabe, Inc. makes much of perceived inconsistencies regarding the FSA's treatment of one judgment against Rabe in favor of Knoxville Livestock,[2] the agency never relied solely on this judgment in making its determination that Rabe, Inc. overall had an unsatisfactory credit history.

Even if the FSA had deviated slightly from its handbook procedures, and assuming *arguendo* that deviating from FSA handbooks constitutes a procedural error, "[p]rocedural perfection in administrative proceedings is not required." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). We will

---

[2] Rabe, Inc. argues that initially, the stated reason for the loan denial was an unsatisfactory credit history, including a judgment in favor of Knoxville Livestock. Rabe, Inc. then states that after it sought reconsideration, the FSA stopped focusing on the existence of unpaid judgments and based its decision instead on the Knoxville Livestock judgment, noting that it "is still in existence and was created as a result of the applicant making a purchase of livestock and attempting to pay for them by means of a draft on the lender. The applicant stated that the lender was not aware of the draft at the time it was written and did not honor the draft." Rabe, Inc. contends that this statement was incorrect because "the bank upon which a draft was made was not a lender for purposes of that transaction." A potential inaccuracy in the FSA's description of the Knoxville Livestock judgment does not amount to changed reasoning. Moreover, Rabe, Inc. misrepresents the record in claiming that the FSA "based its decision" on the Knoxville Livestock judgment, when the FSA clearly relied on multiple judgments, stating "[t]he fact that there have been multiple judgments filed against the applicant and a member of the entity become an issue in that it creates a pattern of nonpayment of debt."

not vacate a judgment unless a procedural error affected "the substantial rights of a party." *Id.* The FSA made it abundantly clear that Rabe, Inc.'s ineligibility rested on its overall credit history. Rabe, Inc. had full notice of the issue it needed to overcome in its appeals, and its substantial rights were not affected by any potential error.

Rabe, Inc.'s sole argument on appeal fails, and we conclude that the FSA's determination was not arbitrary or capricious given Rabe, Inc.'s debt history. We thus conclude that the district court did not err by granting the motion for summary judgment.

## III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.